| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>July 24, 2025 4:13 PM<br>FILING ID: F6A6F3F5D394F<br>CASE NUMBER: 2025CV32633 |
| **Plaintiffs**: WILLIAM ATEN; PENNY CRUZ; IAN EDWARDS; INGRID FATIANOW-HIBBITTS; TERRY GRASSER; FRANK HIBBITTS; GABRIELE HIBBITTS; A.H., A MINOR, BY AND THROUGH PARENT AND NEXT FRIEND, INGRID FATIANOW-HIBBITTS; CRYSTAL JENNINGS; JEFFREY MANUEL; NICOLE RASH; ALEXANDER RUFFINO; TAMI SKOLNEKOVICH; CAROLYN SOUZA; AVERY WORSTELL; and J.B., A MINOR, BY AND THROUGH PARENT AND NEXT FRIEND, AVERY WORSTELL.<br><br>vs.<br><br>**Defendant**: AMERICAN AIRLINES, INC. | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff:*<br>Joseph L. LoRusso, #48395<br>Jessica L. McBryant, #51318<br>Ezekiel M. Denison, #58290<br>RAMOS LAW<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>Phone: (303) 733-6353   Fax: (303) 856-5666<br>E-mail: jlorusso@ramoslaw.com<br>jlmcbryant@ramoslaw.com<br>zdenison@ramoslaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, WILLIAM ATEN; PENNY CRUZ; IAN EDWARDS; INGRID FATIANOW-HIBBITS; TERRY GRASSER; FRANK HIBBITTS; GABRIELE HIBBITTS; A.H., A MINOR,

1

BY AND THROUGH PARENT AND NEXT FRIEND, INGRID FATIANOW-HIBBITS; CRYSTAL JENNINGS; JEFFREY MANUEL; NICOLE RASH; ALEXANDER RUFFINO; TAMI SKOLNEKOVICH; CAROLYN SOUZA; AVERY WORSTELL; and J.B., A MINOR, BY AND THROUGH PARENT AND NEXT FRIEND, AVERY WORSTELL. (hereinafter "Plaintiffs") by and through their attorneys, Ramos Law Firm, hereby submits their Complaint for Damages and Jury Demand against Defendant American Airlines, Inc. and states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises out of injuries, damages, and losses sustained by Plaintiffs in an aircraft fire negligently caused by Defendant American Airlines, Inc.

2. Plaintiffs are residents of the State of Colorado, Florida, Missouri, Oklahoma, and Virginia.

3. Defendant American Airlines, Inc. is a foreign for-profit Corporation that is registered with the Colorado Secretary of State and maintains a principal address of 1 Skyview Dr. Md8b503 Corporate Secretary, Fort Worth, TX 76155. Defendant American Airlines, Inc. may be served through its registered agent, Corporation Service Company, at 1900 W. Littleton Blvd., Littleton, CO 80120.

4. The incident giving rise to this Complaint is the aircraft fire of N885NN, which was operating at the time under the callsign AA1006 (the "Aircraft"). The fire occurred on March 13, 2025, at the Denver International Airport, which is located in the City of Denver, County of Denver, State of Colorado.

5. At all times material herein, the Aircraft was operated by Defendant American Airlines, Inc.

6. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124(1)(b) because this action arises out of the commission of a tortious act within the State of Colorado.

7. Venue is appropriate before this Court pursuant to C.R.C.P. 98(c) because Defendant committed one or more tortious acts within the city and county of Denver.

## II.   GENERAL ALLEGATIONS

8. Plaintiffs incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

9. On March 13, 2025, at approximately 4:00pm MDT, Plaintiffs boarded the Aircraft which was scheduled to depart Colorado Springs (KCOS) at 4:40pm MDT and arrive at Dallas Fort Worth (KDFW) at 7:32pm CDT with 2 flight crew, 4 cabin crew, and 172 passengers on board.

10. Upon information and belief, during takeoff just before V1 (the maximum speed at which a rejected takeoff can be initiated in the event of an emergency), the Aircraft experienced an exhaust gas temperature ("EGT") over-temp for the right (No. 2) engine.

11. Rather than safely abort the takeoff prior to V1, the flight crew decided to continue with takeoff.

12. The Aircraft climbed to an altitude of approximately 16,000 mean sea level ("MSL") and accelerated to a speed of approximately 360mph, which is atypically slow for a Boeing 737-800.

13. Upon information and belief, the Aircraft experienced high engine vibrations during its climb out from KCOS.

3

14. For approximately twenty minutes, the Aircraft experienced significant right engine vibration, resulting in a loss of climb power and an inability to maintain proper airspeed. Despite this, the Aircraft crew elected to divert to Denver International Airport (KDEN) without declaring an emergency, rather than returning to Colorado Springs Airport (KCOS).

15. Upon information and belief, the Captain of the Aircraft informed the passengers and flight attendants that the Aircraft would divert to KDEN without further explanation.

16. After assigning an approach into KDEN, Air Traffic Control (ATC) double checked that the Aircraft's crew was not declaring an emergency, "American 1006, just to verify, you're not an emergency still, correct?"

17. In response, the Aircraft's crew stated, "No we just got a high engine vibration so we were cruising slower than normal, for American 1006."

18. While on the approach to land at KDEN, ATC appropriately asked the Aircraft crew if they required assistance, which is a term commonly known in the aviation industry to mean the deployment of Aircraft Rescue and Fire Fighting ("ARFF") vehicles: "American 1006, do you need any extra assistance or certain speed on the arrival or final?"

19. The Aircraft crew denied the need for assistance by stating, "No, actually we can definitely maintain approach speeds. We just can't do climbs because we had a high engine vibe, so we got it pulled back for a smooth cruise."

20. After landing on runway 16R, the Aircraft crew made the decision to taxi clear of the runway and continue to gate C38. At no point did the crew request assistance, or request to be followed by an ARFF vehicle.

21. Upon information and belief, a trail of fluid leaked from under the right engine nacelle as the Aircraft taxied into the gate.

22. After taxiing towards gate C38 for approximately eight minutes, the Aircraft's right-side CFM International CFM56-7B jet engine became engulfed in flames, causing thick clouds of smoke to billow from the engine. *See image below:*[1]



23. Shortly thereafter, and for the first time since the inception of the flight, the Aircraft crew made an emergency call to ATC, stating, "Mayday, Mayday, Mayday! Mayday! … Engine fire!"

24. After coming to a stop, panic ensued inside the cabin as the unaware passengers of flight 1006 noticed flames and smoke outside their windows.

---

[1] https://www.theguardian.com/us-news/video/2025/mar/14/passengers-evacuate-after-american-airlines-plane-catches-fire-at-denver-airport-video

25. Upon information and belief, one of the flight attendants tried calling the flight crew but did not get an answer while another flight attendant knocked on the cockpit door to alert the flight crew of the fire outside the airplane and the smoke in the cabin.

26. With no instructions from the flight crew, panic erupted as smoke filled the cabin. Passengers screamed, pushed, and jumped, desperate to escape the burning aircraft.

27. Upon information and belief, passengers used the L1 (left, front) door and both left overwing window exits for egress. Those exiting via the overwing window exits were isolated on the wing until ground vehicles, ladders from the gate area, and a belt loader eventually evacuated them.

28. Upon information and belief, the L2 (left, rear) door was jammed by the evacuation slide, which was removed from its bustle, on the floor, and with a tear of the fabric on the underside towards the center, preventing the L2 door from operating.

29. Upon information and belief, passengers were also exiting the Aircraft via the R2 (right, rear) door despite the presence of the right engine fire.

30. Upon information and belief, the R2 evacuation slide was deployed automatically once the R2 (right, rear) door was opened.

31. Ground crew at Denver International Airport rushed to gate C38 and began dousing the right engine with water and fire retardant.

32. Upon information and belief, one of the fan blade platforms was fractured in the right engine prior to takeoff and would have been visible in a pre-flight inspection.

33. Upon information and belief, the lockwire of a fuel fitting on the variable stator vane ("VSV") in the right engine was loose and installed in the wrong direction.

34. Upon information and belief, the VSV actuator rod was incorrectly fastened and secured to the VSV actuator thereby allowing fuel to leak from the fitting.

35. Upon information and belief, the VSV rod end muscle line was fractured in the weld.

36. Upon information and belief, the six o'clock seal drain line of the inboard thrust reverser half was blocked with sealant above the lower bifurcation fire seal in the exit tube.

37. After the Aircraft came to a stop and began filling with smoke, a pregnant Plaintiff Worstell covered her minor son (Plaintiff J.B.) with her shirt to keep him safe and navigated her way through the chaos, exiting the Aircraft through the left window exit out onto the Aircraft's wing.

38. As a direct and proximate result of the negligent conduct of the Defendant, Plaintiffs have suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, pain and suffering, mental anguish, and emotional distress.

## COUNT I: NEGLIGENCE & VICARIOUS LIABILITY

39. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

40. At all times material hereto, Defendant American Airlines Inc. employees, agents, and/or representatives were acting within the nature, course, and scope of their employment with Defendant American Airlines, Inc.

41. At all relevant times, Defendant American Airlines, Inc. owed a duty to Plaintiffs and other passengers on American Airlines flight 1006 to operate and maintain the Aircraft in a safe and careful manner.

42. Defendant American Airlines, Inc.'s employees, agents, and/or representatives deviated from acceptable standards of care in discharging their responsibilities, and those deviations constitute negligence and fault.

43. Defendant American Airlines, Inc. breached its duty of care to Plaintiffs and were negligent in causing the March 13, 2025, aircraft fire by, *inter alia*:

    a) Failing to use reasonable care in the operation of the Aircraft;

    b) Failing to use reasonable care in maintaining the Aircraft;

    c) Failing to properly follow abnormal and/or emergency checklists;

    d) Failing to properly follow FAA Part 121 approved Standard Operating Procedures;

    e) Failing to properly return to KCOS as opposed to diverting to KDEN;

    f) Failing to timely request emergency assistance;

    g) Failing to properly and orderly evacuate the aircraft;

    h) Failing to evacuate the passengers away from the burning engine;

    i) Failing to correctly install and inspect and fasten the lockwire of a fuel fitting on the right engine VSV;

    j) Failing to correctly install and inspect the VSV actuator rod;

    k) Failing to correctly inspect the weld at the VSV rod end muscle line;

    l) Failing to correctly install and inspect the six o'clock drain line of the inboard thrust reverser half.

    m) Failing to correctly install and inspect the L2 emergency slide and door; and

    n) Such other and further acts and omissions constituting negligence as may be revealed in discovery.

44. Defendant American Airlines, Inc. is vicariously liable for the negligence and deviations from the acceptable standard of care by Defendant American Airlines, Inc.'s employees, agents, and/or representatives as set forth above.

45. Defendant American Airlines, Inc.'s conduct in unreasonably and recklessly disregarding safety protocols with knowledge of the consequences rises to the level of reckless indifference.

46. Defendant American Airlines, Inc.'s conduct in unreasonably and recklessly disregarding safety protocols with knowledge of the consequences was done in a willful and wanton manner.

47. As a direct and proximate result of the negligent conduct of the Defendant, Plaintiffs have suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, pain and suffering, mental anguish, and emotional distress.

## COUNT II: NEGLIGENT TRAINING AND RETENTION

48. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

49. Defendant American Airlines, Inc. owed a duty to Plaintiffs to exercise reasonable care in the training of its employees, agents, and representatives, which includes, but is not limited to, an obligation to re-train those individuals periodically and/or upon an indication that an employee's actions are inconsistent with previous training.

50. Upon information and belief, Defendant American Airlines, Inc. either failed to provide training and/or retraining or provided inadequate training and/or re-training to its employees, agents and representatives such that they were unable to adequately operate and maintain the Aircraft.

51. By failing to provide training and/or retraining to its employees, agents and representatives, Defendant American Airlines, Inc. breached its duty of reasonable care, and such breach constitutes negligence.

52. As a direct and proximate result of the negligent conduct of the Defendant, Plaintiffs have suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, pain and suffering, mental anguish, and emotional distress.

### COUNT III: NEGLIGENT HIRING AND SUPERVISION

53. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

54. Defendant American Airlines, Inc. owed a duty to Plaintiffs to exercise reasonable care in the hiring and supervision of its employees, agents, and representatives, which includes, but is not limited to, an obligation to conduct a reasonable investigation into an employee's work history, experience, background, character, and qualification.

55. Upon information and belief, Defendant breached that duty by improperly hiring and supervising their employees by, *inter alia*:

    a) Failing to monitor its employees, agents, and/or representatives to ensure they were properly operating and maintaining the Aircraft pursuant to

      manufacture checklists, maintenance manuals, operational manuals, handbooks, and procedures;

    b) Failing to monitor its employees, agents, and/or representatives to ensure they were properly operating and maintaining the Aircraft pursuant to Federal Aviation Regulations and the Federal Aviation Administration's ("FAA") approved manuals and procedures;

    c) Failing to interview and test employees, agents, and/or representatives to make sure they read, and were familiar with, understood, and followed the procedures associated with operating and maintaining the Aircraft;

    d) Failing to interview and test employees, agents, and/or representatives to make sure they read, and were familiar with, understood, and followed the Federal Aviation Regulations and FAA approved manuals and procedures associated with operating and maintaining the Aircraft;

    e) Failing to supervise employees, agents, and/or representatives to ensure they were operating and maintaining the Aircraft involved in this incident in a safe and proper manner; and

    f) Such other and further acts and omissions constituting negligence as may be revealed in discovery.

56. By hiring employees, agents, and representatives without the requisite experience to properly operate and maintain the Aircraft, Defendant American Airlines, Inc. breached its duty of care, and such breach constitutes negligence.

57. As a direct and proximate result of the negligent conduct of the Defendant, Plaintiffs have suffered, and will continue to suffer, injuries, damages, and losses, including but not

limited to past and future medical expenses, pain and suffering, mental anguish, and emotional distress.

### COUNT IV: GROSS EXTREME AND OUTRAGEOUS CONDUCT – EMOTIONAL DISTRESS

58. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

59. At all relevant times, Defendant America Airlines, Inc. is a corporation and can only act through its officers, employees, and agents.

60. Defendant's employees, agents, and representatives engaged in extreme and outrageous conduct by, *inter alia*:

   a) Failure to correctly maintain and inspect the Aircraft's right engine;

   b) Failing to perform a proper pre-flight inspection, including, but not limited to, a visual inspection of the Aircraft's right engine;

   c) Choosing to operate an aircraft with known engine problems;

   d) Failing to declare an emergency;

   e) Failing to return to KCOS instead of diverting to KDEN;

   f) Failing to timely request emergency assistance;

   g) Choosing to taxi with improperly functioning engine;

   h) Failing to properly execute the ground egress emergency checklist(s);

   i) Failing to maintain a functional and proper egress door and emergency slide;

   j) Such other and further acts and omissions constituting outrageous conduct as may be revealed in discovery.

61. Defendant's employees, agents, and representatives performed the aforementioned failures either recklessly or with the intent of causing Plaintiffs severe emotional distress.

62. As a direct and proximate result of the negligence of the Defendant, Plaintiffs were made to suffer severe emotional distress, as well as injuries, damages, and losses, including but not limited to past and future medical expenses, pain and suffering, and mental anguish.

## REQUEST FOR TRIAL BY JURY

63. Plaintiffs demands trial by jury for all claims set forth herein.

WHEREFORE, Plaintiffs, WILLIAM ATEN; PENNY CRUZ; IAN EDWARDS; INGRID FATIANOW-HIBBITS; TERRY GRASSER; FRANK HIBBITTS; GABRIELE HIBBITTS; A.H., A MINOR, BY AND THROUGH PARENT AND NEXT FRIEND, INGRID FATIANOW-HIBBITS; CRYSTAL JENNINGS; JEFFREY MANUEL; NICOLE RASH; ALEXANDER RUFFINO; TAMI SKOLNEKOVICH; CAROLYN SOUZA; AVERY WORSTELL; and J.B., A MINOR, BY AND THROUGH PARENT AND NEXT FRIEND, AVERY WORSTELL. L respectfully requests that judgement be entered in their favor and against Defendant American Airlines, Inc., in an amount which will fully compensate them for all damages they have sustained to the full extent allowed by law, including, without limitation, economic, noneconomic, and physical impairment and disfigurement damages as provided for under Colorado law as well as interest, costs, and such other relief as the Court deems just and appropriate.

Respectfully submitted this 24th day of July 2025.

                RAMOS LAW
*This pleading is filed electronically pursuant to C.R.C.P. 121 § 1-26. The original signed pleading is in counsel's file.*

   By: */s/ Joseph L. LoRusso*

        Joseph L. LoRusso (#48395)
        Jessica L. McBryant (#51318)
        Ezekiel M. Denison (#58290)
        RAMOS LAW
        10190 Bannock Street Suite #200
        Northglenn, CO 80260
        Telephone: 303-529-7972
        Fax: 303-865-5666
        jlorusso@ramoslaw.com
        jlmcbryant@ramoslaw.com
        zdenison@ramoslaw.com
        *Attorneys for the plaintiff*